UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  5:21-cv-00622-JLS-SHK | Date: November 30, 2021 |
| Title:  Valerie Marie Young et al v. FCA US LLC et al | |

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Melissa Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS:   ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                                          Not Present

**PROCEEDINGS:   (IN CHAMBERS)  ORDER GRANTING MOTION TO REMAND (Mot. 22)**

    Before the Court is a Motion to Remand filed by Plaintiffs Valerie Marie Young and Joseph Young.  (Mot., Doc. 22.)  Defendant FCA US LLC opposed, and Plaintiffs replied.  (Opp., Doc. 30; Reply, Doc. 31.)  The Court found this matter appropriate for decision without oral argument and took the matter under submission.  (Doc. 33.)  For the following reasons, the Court GRANTS Plaintiff's Motion.

**I.      BACKGROUND**

    In the Superior Court of California (County of Riverside), Plaintiffs filed a First Amended Complaint ("FAC") against FCA US, LLC and Moss Bros. Chrysler Dodge Jeep Ram ("Moss").  (Declaration of Sarah Carlson Lambert in Support of FCA US LLC's Notice of Removal ("Lambert Notice of Removal Decl.") ¶ 5, Doc. 1-1; Ex. B (FAC), Doc. 1-3.)  Plaintiffs are residents of California.  (Ex. B ¶ 2 (FAC), Doc. 1-3.)  Defendant FCA "is a corporation organized and in existence under the laws of the State of Delaware" with its "princip[al] place of business . . . in the State of Michigan."  (*Id.* ¶ 4.)  Moss was dismissed by Plaintiffs on March 9, 2021.  (Lambert Notice of Removal Decl. ¶ 6, Doc. 1-1.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:21-cv-00622-JLS-SHK                                   Date: November 30, 2021
Title:  Valerie Marie Young et al v. FCA US LLC et al

    In the FAC, Plaintiffs allege that "[o]n or about July 27, 2014" they "purchased a 2014 Jeep Cherokee vehicle . . . which was manufactured and or distributed by Defendant FCA."  (Ex. B ¶ 9 (FAC), Doc. 1-3.)  Plaintiffs allege that "[d]uring the warranty period, the Vehicle contained or developed defects, including but not limited to, defects related to the electrical system," "defects causing a loss of power," as well as "defects causing the storage of Diagnostic Trouble Code ('DTC') P0520, P07d9, B16E718 and/or U0402."  (*Id.* ¶ 11.)  Plaintiffs allege that "[s]aid defects substantially impair[ed] the use, value, or safety of the Vehicle."  (*Id.*)  Accordingly, Plaintiffs brought suit asserting California Song-Beverly Consumer Warranty Act claims against FCA.  (*See*, *e.g.*, *id.* ¶¶ 15-20.)

    Plaintiffs assert that, as a result of the alleged violations, they "suffered damages in a sum to be proven at trial in an amount that is not less than $25,001.00."  (*Id.* ¶ 12.)  Plaintiffs also seek, among other things, "a civil penalty in the amount of two times Plaintiffs' actual damages pursuant to Civil Code section 1794, subdivision (c) or (e)" and "the entire contract price."  (*Id.* ¶ 24, Prayer for Relief.)  Defendant alleges that Plaintiffs suffered "actual damages of $36,465.18" based on the vehicle's Retail Installment Sale Contract.  (Lambert Notice of Removal Decl. ¶ 19 ("$4,500.00 (Total Down Payment) + $31,965.18 (Total Loan Payments) = $36,465.18 ('actual price')"), Doc. 1-1; Ex. H (Retail Installment Sale Contract), Doc. 1-9.)

    On April 8, 2021, Defendant removed the action to this Court on the basis of diversity jurisdiction.  (Doc. 1.)

## II.    LEGAL STANDARD

    The "[f]ederal courts are courts of limited jurisdiction." *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 773 (9th Cir. 2017) (internal quotation marks omitted).  Therefore, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:21-cv-00622-JLS-SHK                                          Date: November 30, 2021
Title:  Valerie Marie Young et al v. FCA US LLC et al

(internal quotation marks omitted).  For a defendant seeking to remove pursuant to 28 U.S.C. § 1441, which permits removal based on diversity and federal-question jurisdiction, there exists a "'strong presumption against removal.'"  *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).  This "strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper, and that the court resolves all ambiguity in favor of remand to state court."  *Id.* (internal quotation marks omitted).

### III.    **DISCUSSION**

Plaintiffs argue that this Court should remand this action because "Defendant has fallen far short of carrying its heavy burden of proof of showing that removal was proper because Defendant's Notice of Removal fails to establish the amount in controversy exceeds $75.000."  (Mem. at 4, Doc. 22-2.)  A federal court has diversity jurisdiction if the amount in controversy exceeds $75,000 and the parties to the action are citizens of different states.  *See* 28 U.S.C. § 1332.  Plaintiffs do not contest that the parties are diverse; rather, they challenge whether Defendant has established that the amount in controversy exceeds $75,000 by a preponderance of the evidence.  "[T]he amount in controversy is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious."  *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414-15 (9th Cir. 2018); *see also Theis Rsch., Inc. v. Brown & Bain*, 400 F.3d 659, 662 (9th Cir. 2005) ("[T]he amount at stake in the underlying litigation . . . is the amount in controversy for purposes of diversity jurisdiction").  "If it is unclear what amount of damages the plaintiff has sought … then the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992) (emphasis omitted).  The "proper burden of proof" in cases where the "complaint

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:21-cv-00622-JLS-SHK                          Date: November 30, 2021
Title: Valerie Marie Young et al v. FCA US LLC et al

is unclear and does not specify 'a total amount in controversy,'" as is the case here,[1] "is proof by a preponderance of the evidence." *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007).

      Defendant has failed to establish that the amount in controversy exceeds $75,000 by a preponderance of the evidence. Under the Act, damages are measured by the "amount equal to the purchase price paid by the buyer, less that amount directly attributable to use by the buyer prior to the discovery of the nonconformity." Cal. Civ. Code § 1793.2(d)(1); *see also* Cal. Civ. Code § 1793.2(d)(2). Here, Defendant contends that Plaintiffs paid $36,465.18 for the vehicle. (Lambert Notice of Removal Decl. ¶ 19, Doc. 1; Ex. H (Retail Installment Contract), Doc. 1-9.) However, Defendant has not alleged, either via declaration or otherwise, whether Plaintiffs did indeed pay the amount as contended. As the Act measures damages by, among other things, the "amount equal to the purchase price paid by the buyer," Defendant's actual damage calculations are speculative without such evidence. Cal. Civ. Code § 1793.2(d)(1); *see also Jackson v. Mercedes-Benz USA*, LLC, 2020 WL 7090839, at *2 (C.D. Cal. Dec. 2, 2020) (noting that "a plaintiff's recovery is limited to the actual payment amount to the seller" and "here there are no facts indicating how many payments have been made on the installment contract").

---

[1] In the FAC, Plaintiffs allege that they "suffered damages in a sum to be proven at trial in an amount that is not less than $25,001.00." (Ex. B ¶ 12 (FAC), Doc. 1-3.) However, the FAC does not make clear whether "damages" refers to actual damages or the total damages Plaintiffs seeks in this case. "Defendant's assertion that these damages refer only to actual damages is only an assumption" and "because removal jurisdiction is strictly construed against removal, the Court is not persuaded by Defendant's reading of the Complaint." *Edwards v. Ford Motor Co.*, 2016 WL 6583585, at *4 (C.D. Cal. Nov. 4, 2016) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)); *see also Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (courts are to "resolve[] all ambiguity in favor of remand to state court").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:21-cv-00622-JLS-SHK                                              Date: November 30, 2021
Title:  Valerie Marie Young et al v. FCA US LLC et al

    Relatedly, Defendant's estimate of civil penalties in this case are also unsupported. Specifically, Defendant's civil penalties estimate is speculative given that civil penalties are based on actual damages, which Defendant has not established by a preponderance of the evidence.  Cal. Civ. Code § 1794(c) (providing that "a civil penalty . . . shall not exceed two times the amount of actual damages").  Accordingly, Defendant's civil penalty estimate is unsupported.  *Hunter*, 582 F.3d at 1042 (noting that the defendant "always has the burden of establishing that removal is proper" (internal quotation marks omitted)).

    In addition, Defendant's arguments that it can demonstrate that the amount in controversy exceeds $75,000 based on potential attorney's fees also fails.  Defendant cites to other cases as support for its argument that a court would award attorney's fees "well in excess" of "$45,503."  (Opp. at 13, Doc. 30.)  However, Defendant has failed to explain how those cases are similar to this case or why an award "well in excess" of $45,503 is appropriate here.  *See Berger*, 2021 WL 3013915, at *3.  Therefore, FCA's estimate of attorneys' fees are similarly unsupported.

    Lastly, the Court denies Defendant's request for jurisdictional discovery. Jurisdictional discovery is not mandatory, and Defendant's vague request is "based on little more than a hunch that it might yield jurisdictionally relevant facts."  *See*, *e.g.*, *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008).

## IV.  **CONCLUSION**

    For the above reasons, the Court GRANTS Plaintiffs' Motion to Remand.  This action is hereby REMANDED to the Superior Court of California (County of Riverside), Case No. RIC2002906.

                                                                       Initials of Deputy Clerk: mku